```
             THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

STEVEN N. PAGE,                   §
                                  §
        Plaintiff,                §
                                  §
VS.                               §  NO. 4:06-CV-572-A
                                  §
LIBERTY LIFE ASSURANCE COMPANY    §
OF BOSTON, ET AL.,                §
                                  §
        Defendants.               §
```

MEMORANDUM OPINION
and
ORDER

On August 17, 2006, defendant Liberty Life Assurance Company of Boston ("Liberty") filed a notice of removal in the above-captioned action, originally brought in state court by plaintiff, Steven N. Page ("Page"). The other defendant, Texas Wesleyan University ("TWU") consented to the removal. For the reasons stated below the court has concluded that the case should be remanded back to the state court from which it was removed.

I.

Background and Procedural History

A.  Page's State Court Petition.

Page filed a petition in the County Court No. 1 of Tarrant County, Texas, on July 12, 2006, requesting "authority to take the deposition of or submit discovery to the Custodian of Records of the Defendants for the purpose of perpetuating their testimony . . . ."[1]  Pl.'s Pet. at 2. Page filed the action, in

---

[1] The state court petition to perpetuate evidence prior to suit is governed by Rule 202. See Tex. R. Civ. P. 202.1 (stating that "[a]
(continued...)

anticipation of the institution of suit, to perpetuate evidence pertaining to a life insurance policy of which he was the named beneficiary. According to the petition, the policy was issued to the decedent, Grady Page, through his place of employment, and Page was seeking to verify if decedent was employed by TWU at the time of his death.

B.  The Removal.

This action was removed to this court from the state court by notice of removal filed by Liberty on August 17, 2006, which was accompanied by TWU's consent.

Liberty alleges that this court has subject matter jurisdiction under 28 U.S.C. § 1331 because plaintiff's claim arises under the laws of the United States, i.e., plaintiff's claim is within the scope of the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and is, therefore, preempted and

---

[1](...continued)
person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit").

If this action had been filed originally in federal court, it would have been brought pursuant to Rule 27(a) of the Federal Rules of Civil Procedure. That rule presumably would apply in this action had there been a proper removal of the action from state court to this court inasmuch as, generally speaking, federal procedural rules supplant state procedural rules applicable to a removed action. However, the potential that the federal procedural rule would apply following removal cannot bootstrap this action from state court into federal court, nor does Liberty Life Assurance Company of Boston contend that it can.

2

displaced by ERISA, causing the case to be removable under 28 U.S.C. §§ 1441(a) and (b).

Liberty maintains, in its notice of removal, that, although Page's petition sought testimony under a state procedural rule, such action will "necessarily arise under, and require interpretation of, the ERISA plan." Notice of Removal at 2-3, ¶ 4. Therefore, according to Liberty, "the preemptive force of ERISA is so powerful that it completely displaces any state law claim" and Page's petition must be "'recharacterized' as a federal claim under ERISA." Id. Further, Liberty contends that a state court petition brought under Rule 202 of the Texas Rules of Civil Procedure ("Rule 202"), as here, should be a removable civil action under 29 U.S.C. § 1441.

## II.

### Analysis

A.  Liberty Has the Burden to Establish Entitlement to Removal.

The party invoking federal court removal jurisdiction bears the burden of establishing federal court jurisdiction over the state court suit. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . ." Carpenter, 44 F.3d at 365. Therefore, strict construction of the removal statute is mandated. Id. at 366. First, for a proceeding to be removable to federal court, it must

3

constitute a "civil action" under 28 U.S.C. § 1441.[2] Second, when removal is sought under § 1441(b), as it is in the instant action, the right of removal depends on the existence of a claim or claims within the federal question jurisdiction of the district courts-- actions arising under the Constitution, laws, or treaties of the United States.  Id.  Remand is the proper course if there is any doubt about the existence of jurisdiction. Delgado v. Shell Oil Co., 890 F. Supp. 1324, 1341 (S.D. Tex. 1995), aff'd, 231 F.3d 165 (5th Cir. 2000).

Whether federal question jurisdiction exists is determined under the "well-pleaded complaint" rule.  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). That is, the existence of federal question jurisdiction is determined solely from what appears on the face of the plaintiff's complaint.  Id. at 10; Willy, 855 F.2d at 1165.  "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).  "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id. at 392.

---

[2] See In re Texas, 110 F. Supp. 2d 514 (E.D. Tex. 2000) (giving an in-depth analysis of the term "civil action" as it is used in 28 U.S.C. § 1441), rev'd on other grounds sub nom., Texas v. Real Parties in Interest, 259 F.3d 387 (5th Cir. 2001).

4

An exception to the well-pleaded complaint rule exists where there is complete preemption of the state claim by federal law. <u>Id</u>. at 393. Complete preemption applies only in extraordinary circumstances when Congress intends not only to preempt certain state law, but to replace it with federal law. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1987); <u>Willy</u>, 855 F.2d at 1165. It requires a clearly manifested congressional intent to make causes of action removable to federal court. <u>Aaron v. National Union Fire Ins. Co.</u>, 876 F.2d 1157, 1163 (5th Cir. 1989); <u>Willy</u>, 855 F.2d at 1166. In <u>Caterpillar</u>, the Supreme Court explained:

> On occasion, the Court has concluded that the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." <u>Metropolitan Life Insurance Co.</u>, <u>supra</u>, at 65. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. <u>See</u> <u>Franchise Tax Board</u>, <u>supra</u>, at 24 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

482 U.S. at 393 (footnote omitted).

The Supreme Court concluded the opinion in <u>Caterpillar</u> by emphasizing that:

> [T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule--that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. . . . a <u>defendant</u> cannot, merely by injecting a federal question into an action that

5

>     asserts what is plainly a state-law claim, transform
>     the action into one arising under federal law, thereby
>     selecting the forum in which the claim shall be
>     litigated.  If a defendant could do so, the plaintiff
>     would be master of nothing.  Congress has long since
>     decided that federal defenses do not provide a basis
>     for removal.

Id. at 398-99 (footnote omitted).

A conclusion that necessarily follows from the foregoing is that for Liberty to succeed in its contention that there has been a complete preemption by reason of ERISA that causes this court to have removal jurisdiction over the instant action it would have to satisfy its burden to demonstrate that the cause of action alleged by Page comes within the scope of an ERISA cause of action.  If there is preemption but not complete preemption, remand is required:

>     The difference between preemption and complete
>     preemption is important.  When the doctrine of complete
>     preemption does not apply, but the plaintiff's state
>     claim is arguably preempted under § 514(a)[of ERISA],
>     the district court, being without removal jurisdiction,
>     cannot resolve the dispute regarding preemption.  It
>     lacks power to do anything other than remand to the
>     state court where the preemption issue can be addressed
>     and resolved.

Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3rd Cir. 1995).

B.  <u>Page's Petition Filed Pursuant to Texas Rule 202 Constitutes a Civil Action Under 28 U.S.C. § 1441</u>.

In 2000, a court in the Eastern District of Texas held that a petition filed pursuant to Texas Rule 202 was a "civil action" and thus removable under 28 U.S.C. § 1441, provided subject matter jurisdiction was otherwise proper.  See In re Texas, 110 F. Supp. 2d 514 (E.D. Tex. 2000), rev'd on other grounds sub

nom., Texas v. Real Parties in Interest, 259 F.3d 387 (5th Cir. 2001).[3]  The court began its analysis with the construction of the statute and noted that "[t]he text of § 1441 does not define the term civil action."  In re Texas, 110 F. Supp. 2d at 518.  Next, after outlining the legislative history of the statute, the court asserted that "the limitation to civil actions in [§] 1441 may mean no more than that state court criminal . . . actions are not removable . . . ."  Id. at 521 (internal quotation marks and citation omitted).  In conclusion, the court applied its analysis to the proceeding before it.  "Viewing [Rule 202] and its requirements in the context of the foregoing discussion of § 1441, the Court concludes that a Rule 202 proceeding is a 'civil action.'  Rule 202 possesses all the elements of a judicial proceeding: there is a controversy between parties; there are pleadings (the [plaintiff's] petition); relief is sought (the [plaintiff] has prayed for a court order authorizing the taking of depositions); and a judicial determination is required . . . .  Finally, both parties will be required to adhere to the state court's orders."  Id. at 521-22.  Thus, the court held that a Rule 202 petition fit within the definition of a civil action under § 1441.  Id. at 524.

---

[3] In its review of the lower court decision in In re Texas, the 5th Circuit specifically declined to address the issue of whether the Rule 202 proceeding was a removable civil action.  See Texas v. Real Parties in Interest, 259 F.3d, 387, 395 n.14; see also Davidson v. Southern Farm Bureau Cas. Ins., No. H-05-03607, slip op. at 3 (S.D. Tex. June 19, 2006).  As of the date of this opinion, the 5th Circuit has yet to revisit the issue.

7

The court agrees with the In re Texas opinion. Accordingly, the court holds that Page's Rule 202 petition constitutes a civil action and is not automatically barred from removal under § 1441.

C. Liberty Has Not Demonstrated That There is Complete Preemption as to Page's Claim.

ERISA's preemption clause says that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). State law causes of action are preempted by § 1144(a) if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities--the employer, the plan and its fiduciaries, and the participants and beneficiaries. Weaver v. Employers Underwriters, Inc., 13 F.3d 172, 176 (5th Cir. 1994). It often has been said that the language of the ERISA preemption clause is deliberately expansive, having been construed broadly by federal courts. Dowden v. Blue Cross & Blue Shield of Tex., Inc., 126 F.3d 641, 643 (5th Cir. 1997). A rule that has been applied under that broad standard is that a state cause of action relates to an employee benefit plan whenever it has a connection with or reference to such a plan. Id. However, the opinions of the Supreme Court in DeBuono v. NYSA-ILA Med. & Clinical Servs. Fund, 520 U.S. 806 (1997); California Div. of Labor Standards Enforcement v. Dillingham Constr., 519 U.S. 316 (1997); and New York State Conference of Blue Cross & Blue Shield Plans v.

8

Travelers Ins. Co., 514 U.S. 645 (1995), suggest that the preemption clause is not as expansive as once thought.

There is a possibility that some, or perhaps all, of the claims Page ultimately may assert against Liberty will be completely preempted by ERISA. Page may find, through discovery obtained under the state procedural rule, that any entitlement he has to the subject insurance policy will be governed by ERISA.[4] However, the court is not required to consider preemption issues that might arise in a later action. Moreover, there might be a persuasive argument that defensive preemption applies to the claim for discovery Page is asserting in this action, but that does not form the basis for subject-matter jurisdiction in this court. See Caterpillar, 482 U.S. at 398, ("[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does not establish that they are removable to federal court").

Liberty has not called the court's attention to anything that would cause the court to conclude that this case presents one of those extraordinary circumstances when Congress intended not only to preempt the state law upon which Page relies, but to replace it with a federal law. Nor has Liberty suggested anything that would lead to the conclusion that there is a clearly manifested congressional intent to make the state-law

---

[4] The court assumes for the purpose of this opinion that the insurance policy in question is an ERISA plan. The court questions whether Liberty's removal papers are sufficient to establish that fact, a deficiency that, standing alone, would require remand.

cause of action asserted by Page removable to federal court. Perhaps more importantly, Liberty has not demonstrated that there is an ERISA cause of action that can stand in the stead of the cause of action alleged by Page. None of the provisions of the civil enforcement section of ERISA, 29 U.S.C. § 1132, is broad enough to encompass plaintiff's petition to perpetuate discovery. Page's cause of action simply cannot be recharacterized as a claim under ERISA. Consequently, the claim alleged by Page cannot be tried as a claim under ERISA upon removal of this action. Rather, the only possible role ERISA can play is the defensive role of whether the claim is preempted. That role can be readily evaluated, and resolved, by the state court.

D.   <u>Conclusion</u>.

For the reasons given above, the court concludes that Liberty has not carried its burden to demonstrate that Page's cause of action is subject to the complete preemption doctrine, with the consequence that Liberty has not carried its burden to establish entitlement to removal.

Therefore,

The court ORDERS that the above-captioned action be remanded to the state court from which it was removed.

SIGNED October 3, 2006.

                                             /s/ John McBryde
                                             JOHN McBRYDE
                                             United States District Judge